IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMAAL ABRAM,<br><br>                    Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA, The;<br><br>                    Respondent. | 8:24CV259<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on preliminary review of Petitioner Jamaal Abram's Petition for Writ of Habeas Corpus, Filing 1, brought pursuant to 28 U.S.C. § 2254. Also before the Court is Petitioner's motion to correct and amend the petition. Filing 3. For the reasons that follow, the Court finds the petition sets forth potentially cognizable habeas claims, Petitioner's motion to correct the petition to name the proper respondents shall be granted, and Petitioner's request for leave to amend should be granted to give Petitioner an opportunity to amend his habeas petition before this matter progresses further.

I.  INITIAL REVIEW

Pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court conducts an initial review of the petition to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:   Petitioner was denied his right to a fair trial because the state district court (1) improperly instructed the jury on instruction nos. 5, 6, and 7; (2) failed to properly advise Petitioner of his right not to testify; (3) failed to properly correct the verdict form; (4) erred

|  |  |
|---|---|
|  | by not sustaining trial counsel's motion to withdraw pursuant to a conflict of interest; (5) erred by not sustaining trial counsel's motion for a directed verdict; and (6) because prosecutorial misconduct occurred when a key witness was allowed to perjure himself. |
| Claim Two: | Petitioner received ineffective assistance of counsel because trial counsel (1) failed to depose, investigate, and present witnesses at trial; (2) failed to advise Petitioner of his right not to testify; (3) failed to challenge the chain of custody regarding projectile; (4) failed to sufficiently raise the discrepancy in the identification of the shooter during trial; (5) failed to object to the verdict form; (6) failed to object to improper jury instruction; (7) failed to object to prosecutorial misconduct for perjury of key witness; (8) failed to impeach witnesses; and (9) failed to call a forensic expert to contest ballistics evidence. |
| Claim Three: | Petitioner received ineffective assistance of counsel because appellate counsel failed to assign as error or argue on appeal (1) Petitioner was denied his right to a fair trial as set forth in Claim One; (2) Petitioner received ineffective assistance of counsel as set forth in Claim Two; (3) prosecutorial misconduct; and (4) improper jury instruction nos. 5, 6, and 7. |
| Claim Four: | The state district court erred in denying Petitioner's actual innocence claim, and trial and appellate counsel were ineffective |

by failing to depose witnesses, investigate, and present Petitioner's actual innocence claim at trial and on appeal.[1]

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

## II. MOTION TO CORRECT AND AMEND PETITION

In his motion to correct and amend the petition, Petitioner first seeks to correct the petition to name the Nebraska Department of Correctional Services' Director, Rob Jeffreys, and the Tecumseh State Correctional Institution's Warden, Shaun Settles, as the respondents. Filing 3 at 1–2. Upon consideration, Petitioner's motion is granted and the Court's records will be updated to reflect that Jeffreys and Settles are the named respondents in this action.

Petitioner next seeks leave to amend his petition because Petitioner "doesn't believe he fully included all the grounds in petition for relief." Filing 3 at 2. Upon consideration, the Court will grant Petitioner's motion, and Petitioner shall have 30 days to file an amended habeas petition setting forth all his habeas claims he wishes to pursue. The Court will wait to enter an order progressing this matter and requiring Respondents to file a response to the petition until after Petitioner has an opportunity to amend his petition. If Petitioner fails to file an amended petition or request an extension of time to file an amended petition within 30 days, then the Court will progress this matter on the present petition, Filing 1, and the claims set forth above.

---

[1] While Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf*. *Rouse v. United States*, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). However, as Petitioner has raised actual innocence as a claim in the context of trial court error and ineffective assistance of counsel, it is listed as a numbered claim here.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. However, this matter will not progress further until after Petitioner has an opportunity to amend his petition as set forth below.

2. Petitioner's motion to correct the respondents, Filing 3, is granted. The Clerk's office is directed to update the Court's records to reflect that Rob Jeffreys, Director of the Nebraska Department of Correctional Services, and Shaun Settles, Warden of Tecumseh State Correctional Institution, are the respondents in this action.

3. Petitioner's motion for leave to amend, Filing 3, is granted. Petitioner shall have until **January 2, 2025**, to file an amended habeas petition setting forth all the claims for relief he wishes to pursue in this habeas case. To be clear, Petitioner must set forth his claims from his original petition, Filing 1, and any additional claims in his amended petition. **Petitioner is warned that the amended petition will supersede, not supplement, his original petition.** Petitioner is encouraged to utilize the enclosed form petition for a writ of habeas corpus under 28 U.S.C. § 2254. If Petitioner fails to file an amended petition by **January 2, 2025**, then this matter will proceed on the claims in the original petition as set forth above in this Memorandum and Order.

4. If Petitioner requires additional time to amend his petition he must file a written motion seeking an extension of time before the expiration of the **January 2, 2025,** deadline.

5. The Clerk of Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

6. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 2, 2025**: deadline for amended petition.

Dated this 2nd day of December, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge