IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMAAL ABRAM,<br><br>          Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of the Nebraska Department of Correctional Services; SHAUN SETTLES, Warden of Tecumseh State Correctional Institution; and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES-TECUMSEH STATE CORRECTIONAL INSTITUTION,<br><br>          Respondents. | 8:24CV259<br><br>MEMORANDUM AND ORDER ON PRELIMINARY REVIEW |

This matter is before the Court on preliminary review of Petitioner Jamaal Abram's Amended Petition for Writ of Habeas Corpus, Filing 10, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

    Claim One:    Petitioner was denied his right to a fair trial in violation of his rights to due process and equal protection of the law under the Fifth, Sixth, and Fourteenth Amendments because the state district court (1) improperly instructed the jury in jury instruction Nos. 5, 6, and 7; (2) failed to advise Petitioner of his right not to testify and of the consequences in waiving that right; (3) failed to correct the verdict form to specify the degree of murder; (4) denied trial counsel's motion to withdraw pursuant to a conflict of interest; (5)

|  | denied trial counsel's motion for a directed verdict; and because (6) the prosecution committed misconduct in permitting a key state witness to commit perjury. |
|---|---|
| Claim Two: | Petitioner received ineffective assistance of trial counsel in violation of the Fifth, Sixth, and Fourteenth Amendments because trial counsel (1) failed to properly investigate, depose, and call witnesses Rayshawn Abram, Jerrell Abram, Denise Smith, and Vernice Williams; (2) failed to properly advise Petitioner and make a record regarding Petitioner's right not to testify; (3) failed to challenge the chain of custody regarding the projectile recovered from the victim; (4) failed to sufficiently raise the discrepancy in the trial record regarding the identification of the shooter; (5) failed to object to the trial court's failure to correct the verdict form; (6) failed to object to defective jury instruction Nos. 5, 6, and 7; (7) failed to object to prosecutorial misconduct; (8) failed to call Detective Sullivan to impeach witness Sarah Schramm regarding prior inconsistent statements that were detailed in his reports; and (9) failed to present a forensic expert to contest the state's ballistics evidence. |
| Claim Three: | Petitioner received ineffective assistance of appellate counsel in violation of the Fifth, Sixth, and Fourteenth Amendments because appellate counsel failed to raise and argue all issues appearing on |

|  |  |
|---|---|
|  | the record, including the claims identified in Claims One and Two above. |
| Claim Four: | Petitioner is actually innocent. |
| Claim Five: | Petitioner received ineffective assistance of postconviction counsel in violation of the Fifth, Sixth, and Fourteenth Amendments due to postconviction counsels' failure to raise all issues appearing on the record and to assign as error or argue Claims One through Four above. |

Liberally construed, the Court determines that the following claims are potentially cognizable in federal court: Claim One, Claim Two, and Claim Three. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Liberally construed, the Court determines that Claim Four and Claim Five are not potentially cognizable in federal court. With respect to Claim Four, though Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2024) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); cf. *Rouse v. United States*, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). Accordingly, the Court does not consider Claim Four to be a cognizable, independent claim, but **the Court will advise Respondent to be mindful of and**

**respond to Petitioner's assertions of "actual innocence" to the extent Petitioner relies on such allegations to excuse any procedural bar**. *See* Filing 10 at 22–25.

Claim Five is not cognizable in a federal habeas action as "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Alvarado v. Hansen*, No. 8:17CV283, 2018 WL 4006768, at *5 n.8 (D. Neb. Aug. 22, 2018) ("ineffective assistance of postconviction counsel is not a freestanding claim cognizable on federal habeas review") (citing 28 U.S.C. § 2254(i) and cases); *Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632, at *1 (D. Neb. 2006) ("Errors during state postconviction review and claims based on ineffective assistance of counsel and other constitutional deprivations during state postconviction proceedings are not cognizable in a federal habeas corpus action.") (collecting cases). **Claim Five, therefore, is dismissed**.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing 10, the Court preliminarily determines that Petitioner's Claims One, Two, and Three, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. Claim Four is not an independent, cognizable claim, but Respondent shall respond to Petitioner's assertions of actual innocence to the extent Petitioner relies on such allegations to excuse any procedural bar. **Claim Five is not cognizable and is dismissed**.

2. By **July 14, 2025**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 14, 2025**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

  A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

  B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

  C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

  E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

  F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

  A. By **July 14, 2025**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

  B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but

not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they

        will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 13, 2025**: check for Respondents' answer and separate brief.

5.    No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 28th day of May, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge