IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMAAL ABRAM,

                Petitioner,

    vs.

ROB JEFFREYS, Director of the Nebraska Department of Correctional Services; SHAUN SETTLES, Warden of Tecumseh State Correctional Institution; and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES-TECUMSEH STATE CORRECTIONAL INSTITUTION,

                Respondents.

**8:24CV259**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel, Filing 22, and Motion for Correction of Additional Records from the Designation, Filing 23. For the reasons that follow, the Court will deny Petitioner's request for counsel and will grant his request for additional records and extend his briefing deadline.

## I.  MOTION FOR APPOINTMENT OF COUNSEL

Petitioner seeks appointment of counsel due to, *inter alia*, his inability to afford to retain his own counsel, the complexity of the case, and his limited legal knowledge, access to legal materials, and inability to conduct discovery and investigate the facts of his case due to his incarceration. Filing 22. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*,

*Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). After careful review of the record, the Court finds there is no need for the appointment of counsel at this time.

## II.  MOTION FOR ADDITIONAL RECORDS

In his Motion for Correction of Additional Records from the Designation, Filing 23, Petitioner again seeks a copy of his petition for further review filed on January 20, 2011, in the Nebraska Supreme Court as part of his direct appeal in case no. A-10-219, which appears in Respondent's Designation of State Court Records in Support of Answer at Filing 15-9. Petitioner previously requested this record in his September 26, 2025, motion seeking additional records from the designation, Filing 19, which the Court granted on October 20, 2025, Filing 21. While the docket text for the Court's October 20, 2025, order reflects that a copy of Filing 15-9 was sent to Petitioner with the order, Petitioner states he did not receive the document from the Clerk of the Court. Filing 23 at 3. Petitioner also now requests a copy of the Nebraska Supreme Court's March 9, 2011, disposition of his petition for further review, which appears in the Designation at Filing 15-1, the docket sheet for Petitioner's direct appeal.  *See* Filing 15-1 at 4 ("03/09/2011 Disposition Petition for further review denied"). Petitioner states these records are relevant to his claims and to show he invoked one complete round of Nebraska's established appellate review process regarding each of his claims.  Filing 23 at 2.  Petitioner also seeks an extension of time to prepare his brief in response to Respondent's answer and brief in light of his pending request for the additional records. Filing 23 at 3.

As set forth in the Court's prior progression order, if "Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims." Filing 11 at 7. Upon consideration, and in light of the Court's previous order, the Court will grant Petitioner's request for the additional records he seeks and grant him an extension of time to file his brief as set forth below.

IT IS THEREFORE ORDERED that:

1.      Petitioner's Motion for Appointment of Counsel, Filing 22, is denied without prejudice to reassertion.

2.      Petitioner's Motion for Correction of Additional Records from the Designation, Filing 23, is granted. The Clerk of the Court is directed to send to Petitioner a copy of Filing 15-9 and Filing 15-1 with this Memorandum and Order.

3.       Petitioner's request for an extension of time in Filing 23 is granted. Petitioner shall have until **June 22, 2026**, to file and serve his brief in response to Respondent's answer and brief.

4.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 22, 2026**: Petitioner's brief due.

Dated this 22nd day of May, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge